**E-FILED**
Tuesday, 14 July, 2015  09:41:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARENCE DACE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-1138 |
| | ) | |
| KRISTINA SKEENS, et.al., | ) | |
| Defendants. | ) | |
| | ) | |

MERIT REVIEW ORDER

This cause is before the court by telephone conference call for merit review of the Plaintiff's complaint.  The pro se prisoner's original complaint was dismissed as a violation of Rule 8 of the Federal Rule of Civil Procedure. *See* April 15, 2015 Text Order.  The Plaintiff's complaint began with events which occurred several years prior to filing his complaint and it was difficult to discern his intended claims.  In addition, it appeared the Plaintiff was attempted to combine unrelated claims against different defendants. *See George v. Smith*, 507 F.3d 605, 606 (7th Cir. 2007)( "multiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  Therefore, the Plaintiff was given additional time to file an amended complaint clarifying his claims. *See* April 15, 2015 Text Order.

The Plaintiff responded with a motion for leave to file an amended complaint on April 23, 2015. [10]  However, less than one month later, Plaintiff filed a motion for leave to file a second amended complaint adding claims and Defendants.[11]  Therefore, the court will deny the Plaintiff's first motion for leave to file an amended complaint [10], and grant the Plaintiff's motion for leave to file a second amended complaint.[11]

The court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff says his constitutional rights were violated at Pontiac Correctional Center by thirteen Defendants including Lieutenant Kristina Skeens, Illinois Department of Corrections (IDOC) Director Salvador Godinez, Warden Randy Pfister, Assistant Warden Guy Pierce, Assistant Warden Anabelle Motteler, Deputy Director Marcus Hardy, Lieutenant K. Davidson, Administrative Review Board Chairperson Jennings, Major Trancoso, Psychologist John Garlick, Investigator Kari Webber, Investigator Kochel and Chief of Operations Joseph Yurkovich.  The Plaintiff no longer lists Deputy Director Gomez, Psychologist Alton Angus, Officer Joyner, Investigator Morse or Officer John Doe as Defendants and therefore they will be dismissed.

The Plaintiff says the Defendants violated his First Amendment rights when they retaliated against on two occasions.  First, the Plaintiff says he was housed in a single man cell in August of 2013, but Defendant Skeens discovered he was helping another inmate with his litigation.  In retaliation, Defendants Skeens, Pfister, Pierce, Godinez, Motteler, Garlick, Davidson, Webber and Kochel moved him into a double-man cell in October of 2013.   Second, the Plaintiff alleges he filed a motion for a Temporary Restraining Order (TRO) in another lawsuit.   Shortly afterwards, the named Defendants retaliated by moving the Plaintiff to more restrictive living conditions in Administrative Segregation.   The Plaintiff also claims the Defendants violated his due process rights when they failed to give him notice, a hearing or a reason for the move.

Finally, the Plaintiff alleges the Defendants violated his constitutional rights due to the restricted living conditions in Administrative Detention, but the Plaintiff has failed to clearly articulate a violation of his Eighth Amendment rights.

For the purposes of notice pleading, the Plaintiff has articulated two retaliation claims and a due process violation.  However, the Plaintiff has not clearly articulated how each Defendant was involved in his claims.  The Plaintiff must be able to provide this specific information to the Defendants during the discovery process.

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the court finds the Plaintiff alleges: 1) Defendants Skeens, Pfister, Pierce, Godinez, Motteler, Garlick, Davidson, Webber and Kochel retaliated against the Plaintiff after he assisted another inmate with his litigation by moving the Plaintiff into a double-man cell in October of 2013; 2) the named Defendants retaliated against the Plaintiff after he filed a motion for temporary restraining order by moving him into Administrative Detention; and 3) the named Defendants violated his due process rights when he was denied notice and a hearing after he was placed in Administrative Detention. The claims are stated against the Defendants in their individual capacities. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**9) The clerk of the court is directed to dismiss Deputy Director Gomez, Psychologist Alton Angus, Officer Joyner, Investigator Morse and Officer John Doe as they are not listed as Defendants in the second amended complaint.**

**10) The clerk is to attempt service on the Defendants pursuant to standard procedures and set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.**

ENTERED this 14th day of July, 2015.


/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE